ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 OCT 29 PM 4:18

CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| MARK MULLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 307-061 |
| | ) | |
| STATE OF GEORGIA DEPARTMENT OF CORRECTIONS, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Johnson State Prison located in Wrightsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Because Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay a partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the Georgia Department of Corrections ("GDC") as Defendant. (Doc. no. 1, pp. 1 & 4). Plaintiff alleges that, on November 2, 2006 while he was traveling to Johnson State Prison, the state prison vehicle hit another vehicle. (Id. at 5). Plaintiff contends that he suffered a neck and back injury as a result of this incident. (Id.). According to Plaintiff, the only medical treatment that he received during the three weeks immediately thereafter was a neck brace and pain killers. (Id.). Plaintiff submits that his neck and back were not x-rayed until three weeks after the incident and that he did not undergo an MRI until four months after the incident. (Id.). Plaintiff maintains that "Medical" at Johnson State Prison "says there is nothing wrong" and refuses to further treat him. (Id.). As relief, Plaintiff seeks $500,000 in compensatory damages. (Id. at 6).

## II. DISCUSSION

"The Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Furthermore, the Supreme Court has clearly stated that "a suit in which the State or one of its agents or departments is named as the defendant is proscribed by the Eleventh Amendment . . . This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State Sch. & Hosp., 465 U.S. at 100 (1984) (citations omitted); see Alabama v. Pugh, 438 U.S. 781, 781-82 (1978) (*per curiam*); Edelman v. Jordan, 415 U.S. 651, 663 (1974). Moreover, 42 U.S.C. § 1983 does not abrogate the sovereign immunity of the states. See Quern v. Jordan,

440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States."). Thus, 42 U.S.C. § 1983 does not override state sovereign immunity afforded by the Eleventh Amendment.

Based on the allegations in Plaintiff's complaint, the Court concludes that the GDC is immune from suit in this federal action. The Supreme Court has stated that "[t]here can be no doubt . . . that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit." Pugh, 438 U.S. at 781. Furthermore, the Eleventh Circuit, citing Pugh, has definitively stated that "[t]he Eleventh Amendment bars [an] action against the Georgia Department of Corrections and Board of Corrections." Stevens, 864 F.2d at 115; see also Leonard v. Dep't of Corrs., 232 Fed. Appx. 892, 894 (11th Cir. 2007) (*per curiam*) ("The Department of Corrections is not amenable to suit because it has immunity under the Eleventh Amendment."). Accordingly, Plaintiff's claim against the GDC must fail as a matter of law.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failing to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of October, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

3